# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TYNEL STEWARD,

    Petitioner,

vs.                                                   No. CV 18-00940 RB/SCY

MESCALERO APACHE TRIBAL COURT,
MESCALERO APACHE SUPREME COURT,
BIA LAW ENFORCEMENT OFFICE,
LA SALLE CORRECTIONS,
LINCOLN COUNTY DETENTION CENTER,
SANDOVAL COUNTY DETENTION CENTER,
UTE MOUNTAIN DETENTION CENTER,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 filed by Petitioner Tynel Steward on October 5, 2018. (Doc. 1.) The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Petitioner were returned as undeliverable. (Docs. 10; 12.) The returned mail indicates that Petitioner has been "discharged" from custody. (Doc. 12 at 4.) It appears that Petitioner has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on September 4, 2019, directing Petitioner Steward to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 11.) More than 30 days have elapsed since

entry of the Order to Show Cause and Petitioner has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's September 4, 2019 Order to Show Cause.

Petitioner Steward has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 25 U.S.C. § 1303 filed by Petitioner Tynel Steward on October 5, 2018 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE